**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin Bryan MILLER, Defendant-
Appellant.**

**No. 29978**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1970.

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

Robert L. Smith, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., Alanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN, and CLARK, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is whether the evidence supports the jury conviction of unlawfully carrying on the business of a distiller without giving bond, in violation of 26 U.S.C.A. § 5601 (a) (4). Viewing the evidence in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we conclude that the jury verdict is supported by substantial evidence, and we affirm.

The evidence established that on December 5, 1968, at 11:30 A.M., Government investigators were observing a still in Jackson County, Georgia. The still was located in a chicken house in the woods behind a home. A driveway ran from the road past the house and over a rise to the chicken house, where the road ended. There was ample evidence that a

New York, et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

distilling operation was going on at the time of the surveillance. At about 7:30 P.M., a 1960 Oldsmobile came into the driveway. The driver cut off the lights and the car went out of sight over the hill. In about 15 minutes this vehicle returned and its lights were turned on after it left the driveway. This car returned at about 10 P.M., and again the driver turned off the car lights and went out of sight past the house. Investigators then returned to the vicinity of the chicken house and saw the car parked right at the chicken house door. An investigator opened the car door, and by the light of a flashlight saw the appellant lying across the front seat. Appellant came out of the car fighting, hitting and pushing, but was subdued. At the same time, another investigator opened the chicken house door and entered. One man was inside, but he departed through a break-out in the side of the chicken house and escaped into the woods.

The investigators examined the car and noticed a strong smell of fuel oil and spots on the floor of the trunk of the car. The distillery, it was shown, was operated with fuel oil.

The evidence in this case is similar to the evidence in Barrett v. United States, 5th Cir. 1963, 322 F.2d 292, in which this Court overturned a conviction under 26 U.S.C.A. § 5601 and was promptly reversed by the Supreme Court in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). At issue in that case was the constitutionality of 26 U.S.C.A. § 5601(b) (2), which provides that on the trial of this offense where a defendant is shown to have been present at the site of a distillery when the business of a distiller was carried on, such presence shall be deemed sufficient evidence to authorize conviction, unless the defendant satisfactorily explains his presence. That presumption was upheld by the Supreme Court in United States v. Gainey, *supra,* and we think it controls the instant case.

Affirmed.